IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02440-TLP-cgc |
| v. ) | |
| ) | |
| AMERICAN DENTAL ASSOCIATION, ) | |
| SURGEON GENERAL, and UNITED ) | |
| STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Christopher N. Wieland sued Defendants American Dental Association, the Surgeon General, and the United States of America for an alleged "conspiracy" related to molar teeth. (ECF No. 1.) He asserts the conspiracy violates *Monell* and is a form of torture, slavery, and genocide. (*Id.*)

Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmaine G. Claxton for management of all pretrial matters. Because Plaintiff is proceeding in forma pauperis in this matter, Judge Claxton screened the Complaint under 28 U.S.C. § 1915(e)(2) and issued an R&R in May 2025. (ECF No. 7.) In the R&R, Judge Claxton recommends the Court dismiss Plaintiff's claims.

**LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). And the Court "may accept, reject, or modify, in

1

whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).  A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  Judge Claxton entered her R&R in May 2025.  Plaintiff did not object, and the time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION AND CONCLUSION

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R.  The Court agrees with Judge Claxton that Plaintiff's Complaint fails to state a claim and is subject to dismissal.  (*See* ECF No. 7.)  As Judge Claxton points out, a plaintiff must have standing before the Court may exercise jurisdiction over the action.  (*Id.* at PageID 19 (citing *Buchholz v. Tanick*, 946 F.3d 855, 861 (6th Cir. 2020)).)  And the Complaint here fails to allege how Defendants caused the injury or how the Court could redress it, which are elements of standing.  (ECF No. 1.)  *See Buchholz*, 946 F.3d at 861.  Judge Claxton also found that there is no good faith basis to appeal under Federal Rule of Appellate Procedure 24(a), and the Court agrees.  (ECF No. 7 at PageID 20–21.)

As a result, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims.  The Court also **CERTIFIES** that any appeal would not be taken in good faith and **DENIES** leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 13th day of August, 2025.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE